**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDWARD EMAD SHARGI, et al.,

*Plaintiffs*,

v.

ISLAMIC REPUBLIC OF IRAN,

*Defendant*.

Case No. 1:26-cv-1193 (SLS)

**PROTECTIVE ORDER GOVERNING**
**DOCUMENTS PRODUCED IN THIRD-PARTY DISCOVERY**

Upon consideration of Plaintiffs' Motion for Entry of Protective Order and the record, it is hereby ORDERED that Plaintiffs' Motion is GRANTED, and the Protective Order is ENTERED.

Under Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(12), the Court enters this Protective Order upon Plaintiffs' motion and their representation that the United States Department of State ("State Department"), upon whom Plaintiffs have served discovery requests pursuant to the Court's Minute Order dated May 14, 2026, have requested such a Protective Order to ensure the confidentiality of certain records and information that may be disclosed by the State Department during discovery proceedings in the above-captioned litigation.

Good cause exists to enter this Protective Order because documents or information to be disclosed by the State Department in this matter may contain sensitive personal information, including personally identifying information maintained in a system of records as defined in 5 U.S.C. § 552a(a)(5), as well as other sensitive, personal information, such that an order authorizing disclosure under 5 U.S.C. § 552a(b)(12) and otherwise protecting the information is

appropriate. This Protective Order governs the disclosure of such information as specified herein and for no other purposes.

Accordingly, it is hereby **ORDERED** that:

1. The State Department is authorized to disclose in this action discoverable information and documents that otherwise would be prohibited from disclosure under the Privacy Act ("Privacy-Act Protected Information").

2. All documents or information disclosed by the State Department in this matter may be designated as Confidential by the State Department and will, if applicable, be marked with the term "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Stamping the phrase "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the cover of any multi-page document will designate all pages of the document as Confidential unless otherwise indicated by the State Department.

3. Information designated Confidential under Paragraph 2 may be disclosed only to the following persons:

a. The Plaintiffs in this matter, Plaintiffs' counsel, and members of their support staff with an appropriate need to know;

b. Witnesses, consultants, or experts, including their employees or agents, retained by Plaintiffs in this matter and with an appropriate need to know;

c. The Court and its personnel in this matter, including any Court-appointed Special Masters and those Special Masters' personnel; and court reporters or stenographers engaged to record Court proceedings and/or deposition testimony in this matter with an appropriate need to know; and

d. Such other persons with an appropriate need to know and who are authorized by the Court upon Plaintiffs' motion.

4. All persons described in the subparts of paragraph 3 who receive Confidential information shall be provided with a copy of this Protective Order.

5. Confidential information shall not be disclosed to any person or persons described under subparagraphs 3(a), (b), and (d) unless and until such person has reviewed this Protective Order and has executed the attached Acknowledgement Form reflecting that the person has agreed to be bound by the Protective Order's terms. A copy of each executed Acknowledgment Form shall be kept by counsel for the party on whose behalf the information is being disclosed (e.g., if counsel for Plaintiffs hires an expert who needs access to Confidential information in connection with an approved use of the Confidential information, then the expert must provide an executed copy of the Acknowledgement Form to counsel for Plaintiffs prior to that counsel's disclosure of any Confidential information to that expert).

6. All persons listed in Paragraph 4 to whom information designated Confidential is disclosed are prohibited from disclosing to any person other than those listed in Paragraph 4 any information designated Confidential, except as provided in this Protective Order or as otherwise permitted by the Court. All persons listed in Paragraph 4 to whom information designated Confidential is disclosed are prohibited from using any information so designated in any other litigation or for any other purpose, unless and until a separate protective order is negotiated with the State Department and entered by the Court in the other litigation.

7. If Plaintiffs learn that, by inadvertence or otherwise, they, or a person to whom they have disclosed information designated Confidential in accordance with this Protective Order, have disclosed information designated Confidential to any unauthorized person or in any

unauthorized circumstance, Plaintiffs shall, upon learning of the unauthorized disclosure, promptly: (a) notify the person(s) to whom the unauthorized disclosure was made; (b) make all reasonable efforts to obtain the return of the information designated Confidential and to prevent further unauthorized disclosures of the information; and (c) notify the relevant government agency in writing of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the information.

8. All information designated *Confidential - Subject To Protective Order* that is produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving Plaintiffs' cause of action in this matter and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order, or as otherwise permitted by the Court.

9. If Plaintiffs wish to file with the Court a document or information designated *Confidential - Subject To Protective Order* in connection with a motion, brief, evidentiary, or demonstrative exhibit for hearing or trial, or other submission to the Court in connection with the litigation of this matter, Plaintiffs, before or accompanying the filing of such material, shall make an application to the Court in accordance with Fed. R. Civ. P. 5.2(d) to file such document or information under seal. If a party seeks authorization to file Confidential information under seal, as required by this Protective Order, then the party shall promptly notify the State Department that such a motion or other request has been filed with the court and shall promptly notify the State Department if the Court issues a ruling on the motion to file under seal.

However, Plaintiffs shall not be required to make an application to this Court to file a document designated Confidential under seal, if Plaintiffs receive the State Department's written consent to the public filing of the material.

10. If any material subject to this Order is used in any Court proceeding, it shall not lose its protected status through such use, and Plaintiffs shall take all steps reasonably required to protect its confidentiality during such use. Specifically, if Plaintiffs anticipate that material subject to this Order may become the subject of testimony or argument offered during a Court hearing or trial in another matter, Plaintiffs shall promptly—and as far in advance of any such hearing or trial as is practicable in the circumstances—notify and confer with the State Department to ensure that Privacy-Act Protected Information (as defined by the terms of this Protective Order) is not disclosed on the public record in the course of such hearing or trial.

11. Nothing in this Protective Order shall be construed as a waiver of any defense, right, or claim by any party, or the State Department, including any claim of privilege or other protection from disclosure, nor shall this Protective Order affect the right of either party, or the State Department, to seek additional protection against the disclosure of any documents or materials.

12. Nothing in this Protective Order requires production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations, or authorities.

13. Nothing in this Protective Order shall place any limits on how the State Department uses the Confidential information.

14. The United States, and its officers or employees shall not bear any responsibility or liability for any unauthorized disclosure of any documents or information produced pursuant to this Protective Order.

15. Subject to all laws, rules, and regulations regarding file and record retention, within 60 days of termination of proceedings related to this matter, including any proceedings necessary to enforce any judgment or relief obtained and exhaustion of any applicable appeals, all documents produced pursuant to this Protective Order shall—except as provided below, or unless the document has been offered into evidence or filed without restriction as to disclosure—be returned to the State Department or destroyed. At the request of the State Department, the destroying party shall provide a sworn certification describing which documents have been destroyed.

16. Notwithstanding anything herein, Plaintiffs' counsel in this matter shall be entitled to retain all Court papers; deposition and trial transcripts; exhibits used in briefing any motion for default judgment, at depositions and at trial or hearing on a motion for default judgment, or for sentencing memoranda and hearings; expert reports; and attorney work product.

17. Additionally, and also notwithstanding anything herein, Plaintiffs' counsel, who have entered a notice of appearance in this matter may retain one digital[1] and one paper copy of any documents produced pursuant to this Protective Order that were presented to the Court in any form. Any retained information designated Confidential shall continue to be protected under this Protective Order.

**SO ORDERED.**

Dated: August 31, 2026

The Hon. Sparkle L. Sooknanan
United States District Judge

[1] Additionally, the law firm representing Plaintiffs in this matter may retain one digital copy in a common electronic drive of all documents produced pursuant to this Protective Order.

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I have been informed that certain information and/or documents to be disclosed to me in connection with the matter entitled *Edward Emad Shargi, et al. v. Islamic Republic of Iran*, No. 1:26-cv-1193 (SLS), currently pending in the U.S. District Court for the District of Columbia, have been designated as "Confidential." I have been informed that any such documents or information labeled "Confidential" are subject to the protections of the Protective Order entered by the Court in this matter. I have received and reviewed a copy of that Protective Order.

I hereby agree that I will abide by the terms of the Protective Order and will not disclose any Confidential information or documents to any other person. I further agree not to use any Confidential information or documents for any purpose other than this matter.

________________________________ DATED: ____________________________

[Signature]

________________________________

[Printed Name and Position]